UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TYLER C. HENRY, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:21-cv-00398 |
| DEBT RECOVERY SOLUTIONS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Tyler C. Henry ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Debt Recovery Solutions, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a debt collection agency with its principal place of business is located at 6800 Jericho Turnpike, Suite 113E, Syosset, New York 11791.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. In January 2021, Defendant mailed or caused to be mailed to Plaintiff a letter dated January 8, 2021 ("the collection letter").

10. The collection letter was sent in an attempt to collect a $1,689.00 medical debt originally owed to Gardentown Emergency Physicians ("subject debt"). *See* attached Exhibit A.

11. The collection letter was sent to Plaintiff's father's address, even though Plaintiff had not resided there in over 4 years.

12. The collection letter stated, "In response to your inquiry regarding the enclosed referenced account, please find the materials we received that correspond to the information enclosed."

13. Plaintiff was perplexed because he had never had any prior contact with Defendant and had never requested any information be sent to him.

14. Furthermore, the letter stated that Plaintiff owed a "Balance Due" of $1,689.00.

15. However, Plaintiff had an account statement from the original creditor dated January 1, 2021, a full week before the date of Defendant's collection letter, which stated that Plaintiff owed $0 on the subject debt.

16. Plaintiff was confused and concerned by Defendant's collection letter because it provided him with misleading and deceptive information regarding a debt he did not owe.

17. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

22. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

23. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices.

3

### a. Violations of FDCPA § 1692e

25. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant mailed the collection letter to Plaintiff.

26. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant mailed the collection letter to Plaintiff despite Plaintiff not owing the subject debt. Defendant knew or should have known that Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge of the same, Defendant continued to attempt to collect the subject debt.

27. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe he owed a debt that he did not truly owe, thus hoping to drive Plaintiff to make a payment.

### b. Violations of FDCPA §1692f

28. Defendant violated §1692f by unfairly and unconscionably mailing Plaintiff the collection letter after the subject debt had been paid off in hopes of coercing him into paying a debt he did not owe.

29. Defendant violated §1692f(1) by attempting to collect an amount not permitted by law, as the subject debt was not owed at the time Defendant mailed Plaintiff the collection letter.

30. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff TYLER C. HENRY requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

34. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 391.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that a debt collector is prohibited from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

36. Defendant violated the TDCA when it falsely represented that Plaintiff owed a debt that was not owed at the time the collection letter was sent.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff TYLER C. HENRY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 5, 2021                              Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com